UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADAM CRANMORE, Individually, and as Personal Representative of the Estate of FLOYD S. CRANMORE, a/k/a "FLOYD CRANMORE, Sr.", and FLOYD W. CRANMORE,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL A. REEL, M.D.,<br><br>Defendant. | 6:20-cv-00413-SPS<br><br>**Reply Brief in Support of Motion to Dismiss** |

Defendant, United States of America,[1] by and through counsel, Special Assistant United States Attorney Delia M. Druley, respectfully submits this Reply Brief in Support of Motion to Dismiss.

### REPLY ARGUMENT

**I. Because Plaintiffs concede they did not exhaust administrative remedies, this Court lacks subject matter jurisdiction over their Complaint.**

Plaintiffs concede that they did not exhaust administrative remedies, which is a prerequisite to subject matter jurisdiction under the Federal Tort Claims Act. *See* Docket 9, Plaintiffs' Brief at 2. Despite this deficiency, Plaintiffs request that this Court stay their complaint to permit them to exhaust

---

[1] The United States of America is the proper party based on the scope certification of the United States Attorney for the Eastern District of Oklahoma for Dr. Paul A. Reel, D.O. *See* Docket 2-1. If this motion to dismiss is denied, the United States requests that it be substituted for Paul A. Reel, M.D., as the proper defendant pursuant to 42 U.S.C. § 233(a).

1

administrative remedies. That remedy, however, is unavailable in the Tenth Circuit. *See Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (holding that plaintiff's initial FTCA complaint, which was filed before administrative remedies were exhausted, was premature, and the filing of a subsequent complaint after exhaustion did not cure the defect in the original complaint because "a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.") (quotations omitted); *see also Moles v. Lappin*, 477 Fed. Appx. 501 (10th Cir. 2012) (citing *Duplan*, affirming denial leave to amend complaint on futility grounds where plaintiff failed to exhaust claims before filing suit); *Stevens v. United States*, 61 Fed. Appx. 625, 627 (10th Cir. 2003) (citing *Duplan* agreeing with district court that "the fact that [plaintiff] ultimately exhausted those remedies did not ripen his current action."). Thus, dismissal of Plaintiffs' Complaint for lack of subject matter jurisdiction is warranted.

## II. Plaintiffs' Complaint is untimely because of the two-year bar in 28 U.S.C. § 2401.

Plaintiffs next contend that their complaint is not time-barred under 28 U.S.C. § 2401. They assert that the Oklahoma Supreme Court's extension of the statute of limitations in its Joint Emergency Orders due to the COVID-19 pandemic renders their complaint timely. They specifically assert that the time period from March 16, 2020 through May 15, 2020 is tolled under the Oklahoma Supreme Court's orders. That argument is unpersuasive.

### A. *Accrual of a cause of action under the FTCA is a question of federal law, not Oklahoma law.*

As a threshold matter, timeliness "is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and [a federal] court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)." *Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004). Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues.*" 28 U.S.C. § 2401(b). "[D]etermination of when a claim . . . accrues is a matter of federal, not state, law." *Kynaston v. United States,* 717 F.2d 506, 508 (10th Cir. 1983).

The Oklahoma Supreme Court's extension of the statute of limitations due to the COVID 19 pandemic does not change this analysis. A state court cannot change the accrual of a federal cause of action or extend a federal statute of limitations. The Tenth Circuit has repeatedly held that, although state law determines whether there is substantive liability under the FTCA, federal law defines the applicable limitations period. *Franklin Sav. Corp.*, 385 F.3d at 1286. In a similar context, the Tenth Circuit has explicitly held that Oklahoma's savings statute does *not* apply to the FTCA limitations period. *See Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 275 (10th Cir. 1991) ("We hold that the Oklahoma saving provision is not applicable to the FTCA limitations period. Because Mr. Pipkin failed to commence his FTCA claims in a timely manner, the district

court's order dismissing these claims was not erroneous."); *see also Wright v. United States*, 46 F.3d 1153 (10th Cir. 1995) (stating "the Oklahoma statute of limitations savings statute does not apply to federal claims such as those brought by the plaintiff"; *Cook v. United States*, No. 16-CV-555-JED-JFJ, 2019 WL 4740235, at *3 (N.D. Okla. Sept. 27, 2019)(holding that Plaintiff's claim is plainly time-barred under the FTCA, because her suit was initiated months after the statutory time to file had expired. 28 U.S.C. 2401(b) and rejecting argument that Oklahoma savings statute rendered her claim timely). Just as the Oklahoma statutory savings statute is inapplicable to federal tort claims, the Oklahoma Supreme Court's Emergency Joint Order tolling the statute of limitation is also inapplicable to Plaintiffs' FTCA claim. Thus, Tenth Circuit precedent forecloses Plaintiffs' argument that the Oklahoma Supreme Court's Emergency Joint Orders have tolled the applicable statute of limitations. Accordingly, federal law controls when Plaintiffs' wrongful death claim accrued and thus, when it will be barred by 28 U.S.C. § 2401's two-year limitations period.

"In the Tenth Circuit, the general rule for accrual of an FTCA claim outside the medical malpractice context is the 'injury-occurrence rule.'" *Cannon v. United States*, 338 F.3d 1183, 1190 (10th Cir. 2003). In other words, "[a]n FTCA tort claim accrues on the date of the injury's occurrence." *Id.* (citing *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267–68 (10th Cir. 2002)). "A different rule, the discovery rule, applies only in the "exceptional case" where a reasonably diligent plaintiff could not immediately know of the injury and its cause." *Id.*

4

Lack of knowledge of the injury's permanence, extent, and ramifications does not toll the statute." *Gustavson v. United States*, 655 F.2d 1034, 1036 (10th Cir. 1981) (medical malpractice claim); *see also Robbins v. United States*, 624 F.2d 971, 973 (10th Cir. 1980) (uncertainty as to the "ultimate damage" does not toll § 2401(b)).

While the Tenth Circuit has not explicitly stated when a wrongful death claim accrues under the FTCA, the majority of courts have held that a claim for wrongful death accrues upon the date of death. *See, e.g., Camerano v. United States,* 855 F.3d 15, 17 (1st Cir. 2017) (wrongful death claim under FTCA occurred at latest, on date of death certificate in claim against nursing home that was a federal entity within the purview of the United States Public Health Service); *Chasteen v. United States,* 334 Fed. Appx. 271 (11th Cir. 2009) (wrongful death claim under FTCA accrued on date of patient's death, rather than on date of her autopsy); *Johnston v. United States*, 85 F.3d 217 (5th Cir. 1996) (as a matter of federal law, a wrongful death claim cannot accrue prior to death even though state law would allow for predeath accrual); *Kington v. United States*, 396 F.2d 9, 12 (6th Cir. 1968) (holding "a claim for wrongful death accrues upon the date of death"), *cert. denied,* 393 U.S. 960 (1968); *Fisk v. United States*, 657 F.2d 167, 170 (7th Cir. 1981) ("[I]n an 'ordinary' wrongful death action under the FTCA, the federal rule is that the cause of action accrues upon the date of death"); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (rejecting claim that wrongful death accrues upon release of autopsy report). Applying this rule, Plaintiffs' wrongful death claim accrued on April 27, 2018,

5

when Floyd S. Cranmore, Sr. died. *See* Docket 2-3, Ex. A to Declaration of Delia M. Druley, State Court Complaint, at ¶ 22 ("Floyd S. Cranmore, Sr. passed on or about April 27, 2018"). Plaintiffs did not file suit until May 19, 2020, more than two years after Cranmore Sr.'s death. *See id.* Thus, their claim is barred by 28 U.S.C. § 2401.

### B. The Westfall Act's savings clause, 28 U.S.C. § 2679(d)(5), does not apply here, because this case was removed under 42 U.S.C. § 233, the Federally Supported Health Centers Assistance Act, not the Westfall Act.

Plaintiffs assert that their claim is not untimely, urging this Court to apply the Westfall Act's savings clause. Docket 9, Plaintiffs' Brief at 3. The Westfall Act contains a savings clause that serves to toll the time that a plaintiff can file an administrative tort claim under the FTCA. 28 U.S.C. § 2679(d)(5). It provides:

> Whenever an action or proceeding *in which the United States is substituted as the party defendant under this subsection* is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5) (emphasis supplied). Section 2679(d)(5) serves to toll the time that a plaintiff can file an administrative claim for FTCA claims if its requirements are met. 28 U.S.C. § 2679(d)(5). The section applies when a litigant files a complaint which, upon substitution by the United States under the Westfall Act, is dismissed for failure to exhaust administrative remedies. *Id.* Thus, the Savings Clause serves to prevent prejudice to a litigant who filed a

6

complaint within the statute of limitations but failed to file an administrative claim before the expiration of the statute of limitations. *Santos ex rel. Beato v. U.S.*, 559 F.3d 189, 193-94 (3d Cir. 2009) ("Pursuant to [the Westfall Act's] savings clause an errant plaintiff whose suit is removed to a district court, and then dismissed because she failed to bring the timely required administrative claim, will be credited with the date that she filed her claim in the wrong forum for purposes of the FTCA's statute of limitations."). The Westfall Act's savings clause, however, does not apply here.

This case was not removed to federal court under the Westfall Act, but rather under the Federally Supported Health Centers Assistance Act (FSHCAA), which does not incorporate the Westfall Act's Savings Clause in 28 U.S.C. § 2679(d)(5). It incorporates only the "remedy against the United States provided by sections 1346(b) and 2672 of Title 28." 42 U.S.C. § 233(a); *Hui v. Castaneda*, 130 S. Ct. 1845, 1852-53 (2010) (rejecting the argument that "§ 233(a) incorporates the entirety of the FTCA, as amended by the Westfall Act" and instead holding that § 233(a) only incorporates the provisions of the FTCA that "establish the FTCA remedy . . ." when considering the applicability of FTCA exceptions). The FSHCAA provides its own approach to the issues of substitution and removal to which the Westfall Act is directed. *See* 42 U.S.C. § 233(a), (c), (g), (l); *see also Knapp v. United States*, 2020 WL 969624 at *7-8 (M.D. Pa. Feb. 8, 2020) (analyzing interplay between Westfall Act and removal under 42 U.S.C. § 233, but concluding it did not apply because the plaintiff's state court action was never removed to federal court pursuant to § 233(c)), aff'd, No. 20-1537,

7

2020 WL 6582141 (3d Cir. Nov. 10, 2020); *Dawson v. U.S.*, 2018 WL 2440516, at *1-2 (S.D. Ill. May 31, 2018) (holding that in cases removed pursuant only to 42 U.S.C. § 233, remand analysis was governed by § 233(c) and not by the Westfall Act provisions of 28 U.S.C. § 2679(d)). By its own terms, the Westfall Act does not apply to actions beyond § 2679(d) and does not extend to the present state court action which involves removal and substitution under the § 233 FSHCAA statute. Thus, Plaintiffs may not invoke the Westfall Act's saving clause in order to prevent the dismissal of their Complaint as untimely.

Moreover, even if the Westfall Act applied, Plaintiffs could not meet the requirements of the savings clause. The first requirement is that the case is removed to federal court under the Westfall Act. See 28 U.S.C. § 2679(d)(5) ("Whenever an action or proceeding *in which the United States is substituted as the party defendant under this subsection* is dismissed for failure first to present a claim . . ."). This case was not removed to federal court via a scope certification under the Westfall Act, but rather utilizing a scope certification under 42 U.S.C. § 233, the FSHCAA. *See, e.g.,* Docket 2, Notice of Removal of Action Under 42 U.S.C. § 233; Docket 2-1, Scope Certification of United States Attorney for Paul A. Reel, D.O., at p. 2 (invoking 42 U.S.C. § 233(c); Docket 2-12, Declaration of Meredith Torres at ¶ 5 (referencing authority to deem as Public Health Service employee under 42 U.S.C. § 233(g)). Thus, the plain language of the statute forecloses its application because the United States has not been substituted under § 2679(d).

8

Similarly, Plaintiffs did not file their initial complaint in state court within the applicable two-year statute of limitations. *See supra*, Section II.A. *See Huerto v. United States*, 601 Fed. Appx. 169, 170 (3d Cir. 2015) (explaining that one requirement for application of the Westfall Act's savings clause is that "the plaintiff must have . . . filed her state court action within two years of the alleged injury"); *McLaurin v. United States*, 392 F.3d 774, 782 & n. 33 (5th Cir. 2004) (the Savings Clause ensures "a plaintiff ... will not be prejudiced by her failure to first file an administrative claim with the appropriate federal agency *within the two-year period*.")(emphasis supplied). Plaintiffs' complaint was not filed in state court until May 19, 2020, more than two years after their wrongful death action accrued on April 27, 2018 when Cranmore Sr. died. Thus, even if the Westfall Act were applicable, it does not render Plaintiffs' Complaint timely under the FTCA. Accordingly, dismissal is warranted because Plaintiffs' claims are barred by 28 U.S.C. § 2401.

### C. Plaintiffs are not entitled to equitable tolling of the FTCA's statute of limitations.

"Equitable tolling is granted sparingly." *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012)). Under "long settled equitable tolling principles," '[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. Such extraordinary circumstances include "when the defendant's conduct rises to the level of active

9

deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Impact Energy Res., LLC,* 693 F.3d at 1246 *(*quoting *United States v. Clymore,* 245 F.3d 1195, 1199 (10th Cir. 2001)). The Supreme Court has clarified that "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wisconsin v. United States,* ––– U.S. ––––, 136 S. Ct. 750, 756, (2016) (emphasis in original).

Plaintiffs do not identify any justification for equitable tolling or explicitly argue that they are entitled to it. While Plaintiffs assert that they did not know of Dr. Reel's federal status, knowledge of the government's involvement is not required for a claim to accrue under the FTCA. *See, e.g., Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (stating "as a general rule, ignorance of the involvement of government employees is irrelevant to accrual of a federal tort claim"); *Garza v. U.S. Bureau of Prisons,* 284 F.3d 930, 936 (8th Cir. 2002) (holding that "the statute of limitations under the FTCA does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee"); *Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 745 (4th Cir. 1990) (en banc) ("The statute of limitations under the FTCA commences to run from the date of accrual and does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee."). At most, the government's involvement is one fact that Plaintiffs have a duty to discover within the two-year period after the claim accrues. *Arteaga v. United States,* 711 F.3d 828, 832 (7th Cir. 2013).

Plaintiffs' failure to do so here does not extend the statute of limitations. Indeed, other than a passing statement that they were unaware that Dr. Reel was providing medical care under the auspices of a federal program, Plaintiffs do not address the issue. They do not assert that Dr. Reel or the government in any way concealed the federal character of his employment. Nor do they state that they made any inquiry into that fact.[2] Thus, they are not entitled to equitable tolling of the statute on the basis of Dr. Reel's status as a deemed federal employee.

The COVID-19 pandemic is also not a basis for equitable tolling. While the COVID-19 crisis is certainly an extraordinary circumstance beyond the control of the parties, Plaintiffs have presented no evidence that the pandemic actually prevented Plaintiffs from timely filing their suit by the April 28, 2020 deadline. Plaintiffs filed their state court complaint on May 19, 2020.

During the time period Plaintiffs seek to toll, this Court was open for business and electronic filing was available. On March 16, 2020, Chief Judge Ronald A. White entered General Order 20-5 in response to the COVID-19 pandemic. In that order, Chief Judge White noted that with the exception of jury trials, grand jury sessions, and naturalization ceremonies, "conditions in the Eastern District do not warrant cessation of court operations at this time."

---

[2] The United States Department of Health and Human Services maintains a searchable database, available at https://data.hrsa.gov/tools/ftca-search-tool that permits the public to search whether a given facility receives federal funding as a Health Care Center. On that website, HHS explains that "The FTCA Deemed Health Center Search Tool searches a listing of recipients of Health Center Program grant funding that have been deemed as PHS employees."

General Order 20-5. Rather, the order merely restricted certain persons, such as those who had been asked to self-quarantine, diagnosed with, had contact with or, anyone who has been diagnosed with COVID-19, and those with COVID-19 symptoms, from entering the Ed Edmonson Federal Courthouse. *Id.* A companion order, General Order 20-6, continued jury trials, grand jury sessions, and naturalization ceremonies through April 17, 2020 and excluded the time period of any required continuance under that order from consideration under the Speedy Trial Act. Other than the cessation of jury trials, civil matters were not affected by the March 16, 2020 orders. On March 17, 2020, Chief Judge White entered General Order No. 20-7, giving the United States Marshals Service authority to screen persons in custody for COVID-19 symptoms and exposure before transporting them to the courthouse for any proceeding. On April 1, 2020, Chief Judge White entered General Order No. 20-8, providing that certain criminal proceedings could be conducted by video teleconferencing. On April 6, 2020, Chief Judge White entered General Order 20-9 continuing all jury trials, grand jury sessions, and naturalization ceremonies scheduled through June 1, 2020, finding that the time period of any such continuance would be excluded under the Speedy Trial Act, and tolling the 30-day time period for filing an indictment through June 1, 2020, due to the unavailability of a grand jury from March 16, 2020 through June 1, 2020. On April 9, 2020, Chief Judge White entered General Order 20-10 regarding interim CJA vouchers. On April 30, 2020, Chief Judge White entered General Order 20-11, amending General Order 20-9 and continuing jury trials and naturalization ceremonies through July 6,

2020, but resuming grand jury sessions on June 9, 2020 with precautionary screening, social distancing, and personal protective equipment measures. On May 18, 2020, Chief Judge White entered General Order No. 20-12, requiring the use of face coverings or masks in the Ed Edmonson Federal Courthouse.[3] Thus, the general effect of the pandemic and the courts' responses has not halted the operation of law offices or the courts.

Nor have Plaintiffs presented evidence that they or their counsel became ill or were subject to any circumstances that made it impossible to timely file a complaint. Rather, it appears that Plaintiffs failed to discover Dr. Reel's status as a deemed federal employee and thus, relied on the Oklahoma Supreme Court's extension of the Oklahoma state statute of limitations, not realizing that the applicable statute of limitations was federal and that the Oklahoma Supreme Court thus, lacked the ability to toll it. This is garden-variety error, not the extraordinary circumstance required for equitable tolling. *See, e.g., Hood v. Catholic Health Sys.*, No. 1:20-cv-00673-GWC, Docket 16, Order on Motion to Dismiss (W.D. N.Y. Sept. 28, 2020) ("The generalized disruption of the pandemic is not, by itself, sufficient to warrant equitable tolling in this case"); *Julianne M.F. v. Saul*, No. 1:18-cv-00469-GZS, 2020 WL 3989598, at * 3 (D. Me. July 15, 2020) (despite the fact that plaintiff's counsel's practice was severely disrupted by the pandemic, "the plaintiff falls short of showing that the pandemic itself stood in the way of her timely filing"; law office knew of the deadline before the pandemic

---

[3] While the Eastern District of Oklahoma has additional general orders pertaining to the COVID-19 pandemic and court proceedings, they fall after the time period Plaintiffs seek to toll and are thus irrelevant to this Court's analysis.

interrupted operations but failed to meet deadline due to "garden-variety error"), *report and recommendation adopted*, 2020 WL 4757064 (D. Me. Aug. 17, 2020). Accordingly, Plaintiffs have not shown that they are entitled to equitable tolling, a remedy that is "sparingly granted." *Chance,* 898 F.3d at 1034.

## CONCLUSION

Dismissal of this case for lack of subject matter jurisdiction is warranted. First, Plaintiffs did not exhaust administrative remedies, which is a jurisdictional prerequisite under the FTCA. Second, Plaintiffs' claim is barred by the two-year statute of limitations set forth in 28 U.S.C. § 2401 and thus, amendment of their Complaint could not cure the deficiency. Neither the Oklahoma Supreme Court's tolling of the state statute of limitations, nor the Westfall Act's savings clause applies to extend the statute of limitations. Plaintiffs have also failed to meet their burden of establishing that equitable tolling applies.

WHEREFORE, the government respectfully requests that this Court grant its motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Dated this 29th day of December, 2020.

BRIAN J. KUESTER
United States Attorney

*/s/ Delia M. Druley*

DELIA M. DRULEY
Special Assistant United States Attorney
520 Denison Ave.
Muskogee, OK 74401

(918) 684-5100  
SAUSA's Direct Line: (605) 357-2320  
Delia.Druley@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this the 29th day of December, 2020, she served a true and correct copy of the foregoing upon Plaintiffs' attorney by first class United States mail, postage affixed, and addressed as follows:

C. Merle Gile  
411 NW 5th Street  
Oklahoma City, OK 73102

*Delia M. Druley*

DELIA M. DRULEY  
Special Assistant United States Attorney