# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

ADAM CRANMORE, Individually )
and as Personal Representative of the )
Estate of FLOYD S. CRANMORE, )
and FLOYD S. CRANMORE, )
                                     )
                Plaintiffs, )
                                     )
v. )    Case No. CIV-20-413-SPS
                                     )
PAUL A. REEL, M.D., )
                                     )
                Defendant. )

## OPINION AND ORDER

This matter comes before the Court on motion by the United States of America, on behalf of Defendant Paul A. Reel, M.D., for dismissal of the First Amended Petition filed by the Plaintiffs Adam Cranmore, Individually and as next of kin of Floyd Cranmore, Sr., and Floyd Cranmore, Sr., for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 5] should be GRANTED.

The Plaintiffs sued the Defendant Reel for the wrongful death of the decedent Floyd Cranmore in the District Court of Johnston County, Case No. CJ-20-14 (the "State Court Case"), alleging negligent care by Dr. Reel while Mr. Cranmore was in the Family Health Centers of Southern Oklahoma ultimately caused his death. The United States removed the State Court Case to this Court pursuant to 42 U.S.C. § 233(c), asserting that Dr. Reel was an employee of the Public Health Service (of the Department of Health and Human

Services) acting within his employment during the pertinent time frame. *See* 42 U.S.C. § 233(a)-(c) ("The remedy against the United States provided by sections 1346(b) and 2672 of title 28 . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding . . . The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to [above] for any such damage or injury . . . Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto."). The United States now urges the Court to dismiss this action for lack of subject matter jurisdiction because the Plaintiffs failed to exhaust administrative remedies under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 2671-2680. *See, e. g., Barnes v. United States*, 776 F.3d 1135, 1139 (10th Cir. 2015) ("The administrative-exhaustion requirement applicable to FTCA claims 'bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'"), *quoting McNeil v. United States,* 508 U.S. 106, 113 (1993). *See also Pipkin*

*v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991) ("Exhaustion of administrative claims is a jurisdictional prerequisite to asserting claims under the FTCA.").[1]

The Plaintiffs concede that they failed to exhaust their administrative remedies under the FTCA, but claim they were unaware of the need to do so prior to removal and urge the Court to allow them to cure the defect by filing an administrative claim and amending their First Amended Petition herein to reflect exhaustion. Unfortunately, the Court cannot grant such relief. *See, e. g. Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("[A]s a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit. Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose and unnecessary burden on the judicial system."), *citing McNeil,* 508 U.S. at 112. *See also Gabriel v. United States,* 683 Fed. Appx. 671, 673 (10th Cir. 2017) ("When a claim is unexhausted prior to suit under the Federal Tort Claims Act, the claimant cannot 'cure the jurisdictional defect' while the suit is pending."), *citing Duplan*, 188 F.3d at 1197–1200. The only way such a procedure would be appropriate is if the parties agreed to staying this action while the Plaintiffs exhausted their administrative remedies and treating their amended complaint as a new action. *See Duplan,* 188 F.3d at 1199-1200 ("However, in this case the government agreed that the amended complaint

---

[1] The United States also contends that the action is barred by the two-year statute of limitations, 28 U.S.C. § 2401, because it was filed more than two years after Mr. Cranmore's death. Because it concludes that the action should be dismissed for lack of subject matter jurisdiction, the Court declines to address this contention by the United States.

effectively constituted a new action and agreed to administrative closure of the first action pending exhaustion. That is, the Duplans' filing of the amended complaint was treated by the parties and the court as the institution of a new suit against the government. Because the government expressly agreed to the procedure employed by the district court, the filing of the amended complaint was properly construed as instituting a new action against the government. Since the Duplans exhausted their administrative remedies before filing this amended complaint, the district court had subject matter jurisdiction over the Duplans' FTCA claim.") [citations omitted]. There is no such agreement in this case, so the action must be dismissed for failure to exhaust administrative remedies.

Consequently, IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket No. 5] is hereby GRANTED, and the case is dismissed without prejudice for lack of subject matter jurisdiction. *See Kelly v. Wilson*, 426 Fed. Appx. 629, 633 (10th Cir. 2011) ("A dismissal for lack of subject matter jurisdiction must be without prejudice[.]"), *citing Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

**DATED** this 7th day of July, 2021.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**